UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL ANTHONY NORTON, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:24-cv-00255-NT |
| UNITED STATES OF AMERICA et al., | ) ) ) ) | |
| Defendants | ) | |

## RECOMMENDED DISMISSAL

Michael Anthony Norton initiated this matter without paying the filing fee or moving to proceed *in forma pauperis* (IFP). *See* ECF No. 1. I ordered Norton to pay the filing fee or file an IFP application by July 31, 2024, and warned him that if he failed to do so his case would be dismissed. *See* ECF No. 4. Norton did not comply with my order by the deadline, nor has he done so since then. Accordingly, I recommend that the Court **DISMISS** his complaint. *See, e.g., Oliver v. Versant Power*, No. 1:21-cv-00225-JAW, 2021 WL 4942861, at *1-2 (D. Me. Oct. 21, 2021) (rec. dec.) (dismissing a plaintiff's case where the plaintiff did not pay the filing fee), *aff'd*, 2021 WL 5371550 (D. Me. Nov. 17, 2021).

This is Norton's fourth action in this Court. His previous three actions were dismissed for being frivolous or failing to state a claim, and he was cautioned that filing restrictions were in the offing if he continued to file meritless complaints. *See Norton v. Internal Rev. Svc.*, No. 1:23-cv-00206-NT, 2023 WL 3477250, at *1-2 (D. Me. May 16, 2023) (rec. dec.) (dismissing Norton's complaint on sovereign immunity

1

grounds and because it was "hopelessly vague" and warning him that "further groundless and inappropriate pleadings could result in the Court imposing filing restrictions"), *aff'd*, 2023 WL 3886805 (D. Me. June 8, 2024); *Norton v. Biden*, No. 1:22-cv-00274, 2022 WL 4376923, at *2 (D. Me. Sept. 22, 2022) (rec. dec.) (dismissing Norton's complaint against President Biden because it was "fantastic and delusional" and President Biden was immune from suit), *aff'd*, 2022 WL 4585747 (D. Me. Sept. 29, 2022); *Norton v. Univ. of Me.-Orono Physics Dep't*, No. 1:20-cv-00030-JAW, 2020 WL 1321535, at *2-3 (D. Me. Mar. 20, 2020) (rec. dec.) (dismissing Norton's complaint because his claims against the University of Maine and its employees were barred by sovereign immunity), *aff'd*, 2020 WL 2564672 (D. Me. May 19, 2020)

Unfortunately, Norton did not heed the Court's warning. His instant complaint is plainly frivolous, alleging that various governmental agencies and actors conspired to prevent him from producing and directing movies. *See* ECF No. 1. Because his meritless filings waste the Court's limited resources, I recommend that the Court **ENJOIN** Norton from filing new cases in the District of Maine without obtaining the Court's prior permission by showing that his proposed pleading is sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8 and to warrant a response. *See Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980); *In re McDonald*, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that [its limited] resources are allocated in a way that promotes the interests of

justice. The continual processing of a petitioner's frivolous [filings] does not promote that end.").

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: August 8, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

3